UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

DANIEL MORGAN, an individual, and all those similarly situated,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.

Case No. _____

**NOTICE OF REMOVAL OF ACTION**

**TO THE CLERK OF THE DISTRICT COURT, TO ALL PARTIES, AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD, IF ANY:**

Defendant Bank of America, N.A. ("BANA" or "Defendant"), by and through its counsel, and without waiving defenses of lack of subject matter or personal jurisdiction, improper venue, insufficiency of service of process, failure to state a claim upon which relief may be granted, or any other valid defense, hereby removes the above-captioned action, currently pending in the Superior Court of Spokane County, Washington, to this United States District Court for the Eastern District of Washington. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 on the basis of federal question jurisdiction, such that it may be removed under 28 U.S.C. §§ 1441 and 1446. As grounds for removal, BANA states as follows:

NOTICE OF REMOVAL - 1

Wright, Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
PH: (206) 691-8663  FAX: (949) 608-9142

## BACKGROUND

1. On March 18, 2020, BANA received Daniel Morgan's ("Plaintiff") summons and complaint ("Complaint" or "Compl.," attached as Exhibit A). Plaintiff has not yet filed the Complaint with the Clerk of the Superior Court of Spokane County, Washington establishing an assigned case number. Though not filed, in Washington State, the trial courts obtain jurisdiction upon the commencement of the action, which is the service of the summons or the filing of the complaint. RCW 4.28.020.

2. Plaintiff's Complaint alleges BANA violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*, "FDCPA") when it filed a collection action against Plaintiff using the name "FIA Card Services." Compl. ¶¶ 5.1, 5.2, 5.3. Plaintiff brings this action on behalf of a putative class of borrowers "[w]ho within the one year preceding the filing of th[e] Complaint received any communication from the Defendant that was an attempt to collect a debt; [i]n which the Defendant used a name other than its true name; and [t]he name used by the Defendant indicated that any person or entity, other than Defendant, was collecting or attempting to collect such debt." *Id.* at ¶¶ 6.1. Plaintiff seeks declaratory relief, statutory damages, costs, and attorney's fees. *Id.* at ¶¶ 7.1, 7.2, 7.3, 7.4.

3. BANA has not yet responded to the Complaint, and no further proceedings have occurred.

## FEDERAL QUESTION JURISDICTION

4. The action may be removed to this United States District Court, in accordance with 28 U.S.C. §§ 1331 and 1441 because this District Court has original jurisdiction over the action because it asserts a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1441(c)(1).

5.  This dispute arises under the laws of the United States, specifically the federal Fair Debt Collection Practices Act ("FDCPA"), Sections 15 U.S.C. § 1692e(2), § 1692e(5), § 1692e(14), and § 1692f(1). *See* Compl. ¶¶ 5.1, 5.2, 5.3.

## PROCEDURAL REQUIREMENTS

6.  <u>Removal is Timely.</u> The Complaint was first served on BANA on March 18, 2020. BANA has filed this Notice within 30 days after receipt of the Complaint, and therefore removal is timely. *See* 28 U.S.C. § 1446(b).

7.  <u>This Is the Proper Court.</u> This Court is the appropriate venue for removal because it is the federal district court embracing the state court where Plaintiff intends to bring the state court action—Spokane County, Washington. *See* 28 U.S.C. § 128(a), § 1441(a), § 1391(b).

8.  <u>Signature.</u> This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

9.  <u>Pleadings and Process.</u> Attached hereto as Exhibit A are true and correct copies of the pleading and papers in this action. *See* 28 U.S.C. § 1446(a). Additionally, attached hereto as Exhibit B is the Notice of Appearance BANA has served upon the Plaintiff. BANA has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

10. <u>Notice to State Court.</u> As required by 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being filed with the Spokane Superior Court upon confirmation of filing from Plaintiff..

11. <u>Notice to Plaintiff.</u> As required by 28 U.S.C. § 1446(d), and as affirmed in the attached Declaration of Service, BANA has served Plaintiff with this Notice of Removal and with its Notice of Filing of Notice of Removal of Action to be filed in the Spokane County Superior Court.

NOTICE OF REMOVAL - 3

Wright, Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
PH: (206) 691-8663  FAX: (949) 608-9142

As noted above, by this Notice of Removal and the associated attachments, BANA does not waive any objections it may have as to service, jurisdiction, venue, or any other defenses or objections it may have to this action. BANA intends no admission of fact, law, or liability by this Notice, and expressly reserves all defenses, motions, and/or pleas.

WHEREFORE, this action is hereby removed from the State Court to this United States District Court, for the Eastern District of Washington, and BANA prays that this District Court proceed, pursuant to 28 U.S.C. § 1441, as well as any other relevant and applicable law, as if this action had been originally filed in this District Court.

DATED: April 16, 2020

_____
Laura N. Coughlin, WSBA #46124
WRIGHT, FINLAY & ZAK, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
Telephone: (206) 691-8663
Fax: (949) 608-9142
lcoughlin@wrightlegal.net

*Counsel for Defendant*
*Bank of America, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2020, I electronically filed a true and accurate copy of the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF System. The CM/ECF system will send notification of such filing and a true and accurate copy of the document to which this declaration is affixed to the parties who have registered with CM/ECF. A copy was also sent via first-class, postage prepaid mail, on this day, to:

Kirk D. Miller
Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
*Attorney for Plaintiff*

Brian G. Cameron
Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
*Attorney for Plaintiff*

DATED: April 16, 2020

_____
Karina Khamidullina

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

DANIEL MORGAN, an individual, and all those similarly situated,

Plaintiff,

vs.

BANK OF AMERICA, N.A.,

Defendant.

Case No.:

**COMPLAINT – CLASS ACTION**

## INTRODUCTION

COMES NOW, Plaintiff DANIEL MORGAN ("Plaintiff"), a Washington resident, brings this action, by and through his undersigned counsel, Kirk D. Miller of *Kirk D. Miller, PS*, and Brian G. Cameron of *Cameron Sutherland, PLLC*, against Bank of America, N.A. ("Defendant"), pursuant to CR23 and hereby alleges the following:

## I. JURISDICTION AND VENUE

COMPLAINT – CLASS ACTION - 1

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

EXHIBIT "A"

1.1   The Spokane County Superior Court has jurisdiction over the parties and the subject matter of this action.

1.2   Venue is proper in this county because Plaintiff resides in Spokane County and the Defendant conducts affairs and transacts business in Spokane County.

## II. NATURE OF THE ACTION

2.1   Plaintiff Daniel Morgan is a "consumer" as defined by the FDCPA 15 U.S.C. § 1692a(3).

2.2   Plaintiff Morgan is a natural person.

2.3   Plaintiff Morgan is alleged to be obligated to pay a debt to the Defendant.

2.4   Plaintiff Morgan's alleged debt was an obligation to pay money to the Defendant arising out of one or more transactions primarily for personal, family, or household purposes.

2.5   The debt that the Defendant alleges Plaintiff owes is for charges related to the use of a consumer credit card account.

2.6   In the process of collecting alleged debts, Defendant BofA uses a name other than its own, which would indicate that a third person is collecting or attempting to collect debts.

2.7   In its attempt to collect debts, the Defendant uses the name "FIA Card Services."

2.8   The Defendant regularly uses the telephone and email correspondence in efforts to collect debts.

2.9   When collecting debts, Defendant BofA uses a name other than its own, "FIA Card Services," to identify itself as the debt collector.

2.10   While BofA is not typically a "debt collector" as defined by the FDCPA, it is subject to the FDCPA in this case because " the term ["debt collector"] includes any creditor

COMPLAINT – CLASS ACTION - 2

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."

2.11  The Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

2.12  The Defendant was attempting to collect a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

2.13  The Defendant's conduct is regulated by the FDCPA.

### III. PARTIES

3.1  Plaintiff Morgan is a natural person, a resident of the state of Washington, and is a "Consumer" as defined by 15 U.S.C. § 1692(a)(3).

3.2  Defendant BofA is a business primarily engaged in the area of banking and financial services in the state of Washington and elsewhere.

### IV. FACTS

4.1  On or about December 31, 2012, the Defendant filed a Complaint in Spokane County District Court using the name "FIA Card Services" to identify the Plaintiff in that action.

4.2  The Defendant alleged that Mr. Morgan applied for and obtained an extension of credit from "FIA Card Services."

4.3  Mr. Morgan never applied to obtain an extension of credit from an entity named "FIA Card Services."

4.4  The Defendant's Complaint alleged that Mr. Morgan owed a debt amounting to $13,559.85 arising from an extension of credit from "FIA Card Services."

COMPLAINT – CLASS ACTION - 3

4.5    The Defendant's Complaint alleged that the last payment Mr. Morgan made on the subject account was on October 4, 2010.

4.6    On or about February 23, 2015, the Spokane County District Court issued a Notice for Dismissal for Want of Prosecution, effective after 30 days, unless the Defendant undertook timely action as specified in the Notice.

4.7    The Defendant did not undertake timely action as specified in the Spokane County District Court's February 23, 2015, Notice for Dismissal for Want of Prosecution.

4.8    Notwithstanding the court's Notice for Dismissal for Want of Prosecution, the Defendant filed a Motion for Summary Judgment in the case on or about June 19, 2017.

4.9    The Defendant's June 19, 2017, Motion for Summary Judgment was struck by the court.

4.10    Notwithstanding the Spokane County District Court's Notice for Dismissal for Want of Prosecution and the Defendant's subsequent Motion for Summary Judgment being struck by the court, the Defendant filed yet another Motion for Summary Judgment in the same case, using a name other than its own, on or about October 31, 2019.

4.11    The Defendant's October 31, 2019, Motion for Summary Judgment was struck by the court.

4.12    In support of its October 31, 2019, Motion for Summary Judgment, the Defendant averred that Mr. Morgan's last payment on the account was made on October 18, 2013, in the amount of $50.00.

4.13    Since October 4, 2010, the Defendant has not credited any payments to the $13,559.85 alleged due in its Complaint.

COMPLAINT – CLASS ACTION - 4

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL: 509.315.4507
FAX 509.315.4585

4.14    "FIA Card Services" is not BofA's name.

4.15    FIA Card Services ceased to exist when it merged, or was otherwise acquired, by Defendant in 2014.

4.16    FIA Card Services has not attempted to collect any money since 2014.

4.17    Defendant continued to use the name "FIA Card Services" in its collection activities, despite the fact that Defendant was the entity collecting.

4.18    The Defendant's use the name "FIA Card Services," rather than its own name, "Bank of America," in its debt-collection activities indicates that a third-party is collecting or attempting to collect alleged debts for BofA.

## V. VIOLATIONS OF THE FDCPA

5.1    The Defendant attempted to collect money from the Plaintiff more than 30 days after the Spokane County District Court's February 23, 2015, Notice for Dismissal for Want of Prosecution, which violated 15 U.S.C. § 1692e(2) and 15 U.S.C. § 1692e(5).

5.2    The Defendant attempted to collect $13,559.85, the full amount alleged due on October 4, 2010, even as the Defendant acknowledged that Mr. Morgan's last payment on the account was made on October 18, 2013, in the amount of $50.00, which violated 15 U.S.C. § 1692f(1).

5.3    The Defendant attempted to collect money from the Plaintiff using a name other than its true name, which violated 15 U.S.C. § 1692e(14).

## VI. CLASS ALLEGATIONS

6.1    This action is brought on behalf of a class consisting of:

6.1.1    All persons whom the Defendant alleged owed a debt;

COMPLAINT – CLASS ACTION - 5

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

  6.1.2 Who within the one year preceding the filing of this Complaint received any communication from the Defendant that was an attempt to collect a debt;

  6.1.3 In which the Defendant used a name other than its true name; and

  6.1.4 The name used by the Defendant indicated that any person or entity, other than Defendant, was collecting or attempting to collect such debts.

 6.2 Plaintiff has the same claims as the members of the class. All of the claims are based on the same factual and legal theories.

 6.3 Plaintiff will fairly and adequately represent the interests of the class members. He is committed to vigorously litigating this matter.

 6.4 Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this claim.

 6.5 A class action is a superior method for the fair and efficient adjudication of this controversy.

 6.6 Class wide damages are essential to induce Defendant to comply with the law.

 6.7 The interest of the class members in individually controlling the presentation of separate claims against the Defendant is small because the amount of damages recoverable in a statutory FDCPA damages case is relatively small.

 6.8 Certification of a class pursuant to Fed. R. Civ. Pro. 23(b)(3) is appropriate. A class action is the only appropriate means of resolving this controversy, because the class members are not aware of their rights, the class is comprised of a largely vulnerable population, and the amount of available damages for many of the class members may be relatively small. In the absence of a class action, a failure of justice will result.

COMPLAINT – CLASS ACTION - 6

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

1 | 6.9    Certification of a class pursuant to Fed. R. Civ. Pro. 23(b)(2) is also appropriate. The Defendant acted on grounds generally applicable to the class, making declaratory relief appropriate with respect to the class as a whole.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

7.1    Statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2);

7.2    Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(3);

7.3    Declaratory judgment that the Defendant's practices violate the FDCPA; and

7.4    Such other and further relief as may be just and proper.

DATED this ___ day of March, 2020.

| Kirk D. Miller, P.S. | Cameron Sutherland, PLLC |
|---|---|
| /s/ Kirk D. Miller | /s/ Brian G. Cameron |
| Kirk D. Miller, WSBA No. 40025 | Brian G. Cameron, WSBA No. 44905 |
| 421 W. Riverside Ave., Ste. 660 | 421 W. Riverside Ave., Ste. 660 |
| Spokane, WA 99201 | Spokane, WA 99201 |
| kmiller@millerlawspokane.com | bcameron@cameronsutherland.com |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |

COMPLAINT – CLASS ACTION – 7

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR SPOKANE COUNTY

| | |
|---|---|
| DANIEL MORGAN, an individual, and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> BANK OF AMERICA, N.A., <br><br> Defendant. | NO. <br><br> NOTICE OF APPEARANCE OF DEFENDANT BANK OF AMERICA, N.A. |

TO: THE CLERK OF THE COURT AND ALL PARTIES IN INTEREST:

PLEASE TAKE NOTICE that Laura N. Coughlin of the law firm of Wright, Finlay & Zak, LLP, without waiving defenses of lack of subject matter or personal jurisdiction, improper venue, insufficiency of service of process, failure to state a claim upon which relief may be granted, or any other valid defense, hereby appears as counsel for Defendant Bank of America, N.A. and requests that all further papers and pleadings, except original process, be served upon her at the address shown below:

Laura N. Coughlin
Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
Phone: (206) 691-8663
Facsimile: (949) 608-9142
Email: lcoughlin@wrightlegal.net

EXHIBIT "B"

NOTICE OF APPEARANCE - 1

Wright, Finlay, & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
PH: (206) 691-8663 / FAX: (949) 608-9142

Dated: March 31, 2020.

WRIGHT FINLAY & ZAK LLP

Laura N. Coughlin, WSBA #46124
Attorney for Defendant Bank of America, N.A.

CERTIFICATE OF SERVICE

I, Karina Khamidullina, declare under penalty of perjury under the laws of the State of Washington that the following is true and correct: I am employed with the law firm of Wright, Finlay and Zak, LLP, I am a resident of the State of Washington, over the age of 18 years old, not a party to this action, and am competent to be a witness herein.

I hereby certify that on the date stated below, I caused to be served a copy of the Notice of Appearance of Defendant Bank of America, N.A. to the following parties and/or attorneys who have filed notices of appearance in this matter via first-class, postage prepaid mail as follows:

Kirk D. Miller
Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
*Attorney for Plaintiff*

Brian G. Cameron
Caneron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
*Attorney for Plaintiff*

Dated: April 2, 2020 in Seattle, WA.

By: _____
Karina Khamidullina

NOTICE OF APPEARANCE - 2

Wright, Finlay, & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
PH: (206) 691-8663 / FAX: (949) 608-9142

US POSTAGE
NEOPOST
FIRST-CLASS MAIL
$000.50
03/30/2020 ZIP 98108
042L14822250

Kirk D. Miller
Kirk D. Miller, P.S.
Brian G. Cameron
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201

Wright, Finlay & Zak, LLP
612 S. Lucile Street, Suite 300
Seattle, WA 98108

US POSTAGE
NEOPOST
FIRST-CLASS MAIL
$000.50
03/30/2020 ZIP 98108
042L14822250

Brian G. Cameron
Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201

Wright, Finlay & Zak, LLP
612 S. Lucile Street, Suite 300
Seattle, WA 98108