FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 14, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL MORGAN, an individual, and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | NO. 2:20-CV-00157-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND REMANDING TO SUPERIOR COURT** |

Before the Court is Defendant's Fed. R. Civ. P. 12(b)(1) and 12(b)(6) Motion to Dismiss, ECF No. 3. Having considered the parties' briefs and oral arguments and the relevant caselaw, the Court **DENIES** Defendant's Motion to Dismiss and **GRANTS** Plaintiff's Construed Motion to Remand the case to the Spokane County Superior Court.

## BACKGROUND

This case stems from a credit card debt Plaintiff incurred with FIA Card Services, N.A., which initiated a collection action against Plaintiff in the Spokane County District Court in 2012. While the action was ongoing, FIA Card Services merged into Defendant in 2014, and Defendant continued to litigate under FIA's name "for more than half a decade." ECF No. 5 at 8. Plaintiff alleges that Defendant's collection activities violated the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq*. ("FDCPA") in three ways. First, on or about February 23, 2015, the Spokane County District Court issued a Notice for Dismissal for Want of

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND
REMANDING TO SUPERIOR COURT ⌘ 1

Prosecution, effective after 30 days, unless Defendant undertook timely action as specified in the Notice. Defendant did not undertake timely action as specified, but instead filed two Motions for Summary Judgment on or about June 19, 2017 and October 31, 2019, respectively. Plaintiff alleges that Defendant attempted to collect money from Plaintiff more than 30 days after the Spokane County District Court's February 23, 2015 Notice, in violation of 15 U.S.C. §§ 1692e(2) and 1692e(5). Second, in the debt collection complaint, Defendant claimed that Plaintiff owed $13,559.85 and Plaintiff's last payment was on October 4, 2010. But in its October 31, 2019 Motion for Summary Judgment, Defendant averred that Plaintiff's last payment was made on October 18, 2013 in the amount of $50. Plaintiff argues that Defendant did not credit any payments to the $13,559.85 debt since October 4, 2010. Plaintiff alleges that Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect $13,559.85, the full amount alleged due on October 4, 2010, even as Defendant acknowledged Plaintiff's last payment was on October 18, 2013 in the amount of $50. Third, Plaintiff alleges Defendant violated 15 U.S.C. § 1692e(14) by using the name "FIA Card Services," a name other than its own true name, in debt collection proceedings.

      Plaintiff filed his Complaint in the Spokane County Superior Court on March 18, 2020. On April 16, Defendant removed this case to federal court on the basis of federal question jurisdiction. On May 4, Defendant moved to dismiss Plaintiff's claims with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that Plaintiff lacks Article III standing, that Defendant was not a "debt collector" under the FDCPA, and that Plaintiff's claims are time-barred by the FDCPA's one-year statute of limitations. In response, Plaintiff conceded that he "allege[d] nowhere that he suffered an injury that would satisfy Article III," which was "precisely why Plaintiff filed his case in state court, rather than in this Court." Instead, Plaintiff requested the Court to deny the Motion, remand the case to state

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND REMANDING TO SUPERIOR COURT ⌁ 2**

court, and award attorney fees and costs for work performed in response to Defendant's removal.

## STANDARD OF REVIEW

When reviewing a motion to dismiss, a district court must accept as true all material allegations in the complaint and must construe the complaint in the nonmovant's favor. *Bernhardt v. Cty. of Los Angeles*, 279 F.3d 862, 867 (9th Cir. 2002). A plaintiff needs only to plead "general factual allegations" of injury to survive a motion to dismiss, as opposed to the "specific facts" needed to survive a motion for summary judgment. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

## DISCUSSION

1. <u>Standing and Subject Matter Jurisdiction</u>

At issue here is whether Plaintiff has standing to proceed in federal court—a forum this Court notes Plaintiff did not choose and which he is in against his will. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy" under Article III of the Constitution. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). "The doctrine developed in our case law to ensure that federal courts do not exceed their authority as it has been traditionally understood." *Id*. The "irreducible constitutional minimum of standing" consists of three elements, all of which the party invoking federal jurisdiction bears the burden of establishing: first, the plaintiff must have suffered an "injury in fact"; second, there must be a causal connection between the injury and the conduct complained of; and third, the injury will likely be "redressed by a favorable decision." *Lujan*, 504 U.S. at 560-561.

Relevant here is the injury-in-fact element. To establish this element, the plaintiff must have suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id*. at 560. A plaintiff does not "automatically satisf[y] the injury-in-

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND REMANDING TO SUPERIOR COURT ⹋ 3**

fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 136 S. Ct. at 1549. In other words, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id*. For that reason, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id*.

Here, both parties agree that Plaintiff alleges no concrete injury and thus lacks Article III standing. ECF No. 3 at 7-10; ECF No. 5 at 3-4. The Court has no reason to find otherwise. As the party invoking federal jurisdiction, the burden was on Defendant, not Plaintiff, to prove that all the elements of federal jurisdiction were satisfied upon removal. Defendant's attempt to invoke federal jurisdiction for purposes of removal and then argue for dismissal based on the lack of standing—a fundamental element of this Court's jurisdiction—does not satisfy its burden. Accordingly, the Court finds that it lacks jurisdiction to consider this case.

2. Dismissal or Remand

In absence of standing, the Court next considers whether this case should be dismissed or remanded to state court.

Where standing is absent in a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c). The Court may remand a case either on a party's motion or *sua sponte*. Historically, there was a futility exception to the remand rule—a district court could dismiss a case without remand to state court if it had "absolute certainty" that the state court would inevitably dismiss the case, rendering a remand "futile." *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1999) (quoting *M.A.I.N. v. Comm'r, Maine Dept. of Human Servs.*, 876 F.2d 1051, 1054 (1st Cir.1989)). However, the Supreme Court declined to apply the futility exception in *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 88-89 (1991), and thereafter a number of circuits expressly rejected the futility doctrine. *Polo v. Innoventions Int'l., LLC*, 833 F.3d 1193, 1197-1198 (9th Cir.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND REMANDING TO SUPERIOR COURT ⋈ 4**

2016) (citing *Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1225-26 (10th Cir. 2012) (collecting cases)). Defendant argues that the futility doctrine is still prevalent since the Ninth Circuit did not overrule *Bell* in *Polo*. ECF No. 7 at 4. However, the only reason the Ninth Circuit did not overrule *Bell* in *Polo* was because the plaintiff in that case failed to raise that argument, and the Circuit was unwilling to explicitly overrule its precedent *sua sponte*. *Polo*, 833 F.3d at 1198. That is not the case here. The Court notes that many district courts within this circuit have joined the trend of abandoning the futility doctrine and remanding removed cases to state courts on either the plaintiffs' or their own motion. *See, e.g., Gordon v. Healthy Halo Ins. Serv. Inc.*, No. 2:19-CV-0387-TOR, 2020 WL 1317446, at *1 (E.D. Wash. Mar. 20, 2020); *Williamson v. Genentech, Inc.*, No. 19-cv-01840-JSC, 2020 WL 1281532, at *3 (N.D. Cal. Mar. 18, 2020); *Terrell v. Costco Wholesale Corp.*, No. C16-1415JLR, 2017 WL 2169805, at *2 (W.D. Wash. May 16, 2017). "Remand is the correct remedy because a failure of federal subject matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III." *Polo*, 833 F.3d at 1196 (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989)).

Therefore, the Court denies Defendant's Motion to Dismiss and grants Plaintiff's Construed Motion to Remand to state court for further proceedings. The Court need not—and indeed cannot—address Defendant's arguments on the merits of Plaintiff's FDCPA claims.

3. <u>Attorney's Fees</u>

Lastly, the Court turns to Plaintiff's request for attorney fees and costs for work performed in response to Defendant's removal.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The statute "strikes a balance that effectuates Congress's intent of allowing removal in appropriate circumstances while reducing 'the

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND REMANDING TO SUPERIOR COURT ⌁ 5**

attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.'" *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914-915 (N.D. Ill. 2016) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. *See Mocek*, 220 F. Supp. 3d at 914 (holding the defendant lacked an objectively reasonable basis for seeking removal and the plaintiff was entitled to attorney's fees, where the defendant removed the case on the basis of federal jurisdiction, only to turn around and seek dismissal with prejudice on the ground that federal jurisdiction was lacking). *Contra Siglin v. Sixt Rent A Car, LLC*, No. 20-cv-503-DMS, 2020 WL 3468220, at *4 (S.D. Cal. June 25, 2020) (declining to award attorney's fees, where the defendant sought dismissal for improper claim splitting, not lack of federal jurisdiction, following removal); *Ybarra v. Universal City Studios, LLC*, No. CV-13-4976-PSG, 2013 WL 5522009, at *6-7 (C.D. Cal. Oct. 2, 2013) (declining to award attorney's fees, where the case was remanded on the plaintiff's, not the defendant's, motion for lack of federal jurisdiction).

Here, Defendant pursued the same avenue as the defendant in *Mocek* did. The Court has no trouble concluding that Defendant lacked "an objectively reasonable basis for seeking removal" where it is acknowledged by both parties that this Court lacks jurisdiction over this case. *Martin*, 546 U.S. at 141. Therefore, Plaintiff is entitled to recover his attorney fees and costs incurred as a result of the removal.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, ECF No. 3, is **DENIED**.

2. Plaintiff's Construed Motion to Remand, ECF No. 5, is **GRANTED**.

3. The above-captioned case is **REMANDED** to the Spokane County Superior Court.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND REMANDING TO SUPERIOR COURT ~ 6**

4. Plaintiff's Motion for Attorney's Fees, ECF No. 5, is **GRANTED**.

5. Plaintiff is **ORDERED** to submit a fee/cost summary within **ten days** of entry of this Order.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 14th day of July 2020.



Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND REMANDING TO SUPERIOR COURT ⊞ 7**