FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 25, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DANIEL MORGAN, an individual, and all those similarly situated,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.

NO. 2:20-CV-00157-SAB

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

Before the Court is Defendant's Motion for Reconsideration, ECF No. 20. The motion was considered without oral argument. Having reviewed the parties' briefing and relevant caselaw, the Court denies Defendant's Motion for Reconsideration, ECF No. 20.

## FACTS

In the instant motion, Defendant requests the Court reconsider its July 14, 2020 Order granting Plaintiff attorney fees upon its finding the Defendant had no objectively reasonable basis for removal. ECF No. 15 at 6. After removal, Defendant moved the Court to dismiss the case pursuant to Rule 12(b)(1) based on Plaintiff's lack of Article III standing; Plaintiff conceded it did not have standing. ECF No. 15 at 1-2. Consequently, the Court evaluated whether the case should be dismissed or remanded on Plaintiff's motion. *Id.* After review, the Court remanded

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ^ 1**

the case to state court in accordance with 18 U.S.C. § 1447. *Id.* Further, the Order declined to apply the futility doctrine exception under the authority of *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 88-89 (1991). The Court then awarded Plaintiff attorney fees, following the lead of *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914-16 (N.D. Ill. 2016).

In its Motion for Reconsideration, ECF No. 20, Defendant presents three arguments to challenge the Court's decision to award attorney fees. Specifically, Defendant believes the removal of this Fair Debt Collection Practices Act ("FCDPA") case was objectively reasonable because (1) there is no dispute about the federal questions presented in Plaintiff's Complaint; (2) Defendant did not think the Complaint adequately alleged a concrete injury, but worried its window to remove would expire before Plaintiff amended his Complaint or defended the injury cited in his Complaint; and (3) Defendant assumed this Circuit's use of the futility doctrine could result in dismissal for lack of standing. ECF No. 20 at 2; *see Bell v. City of Kellogg*, 922 F.2d 1418 (9th Cir. 1991) (applying the futility doctrine).

Plaintiff disagrees on all counts, arguing Defendant fails to produce any facts that could warrant reconsideration and that this Court's award of fees was proper. ECF No. 22 at 2. Further, Plaintiff notes Defendant's decision to remove and immediately seek dismissal for lack of standing undermines its motion for reconsideration. ECF No. 22 at 4. Ultimately, Plaintiff argues Defendant's motion for reconsideration rehashes stale issues and presents no evidence that this Court's decision occurred as the result of an error in judgment. ECF No. 22 at 4. Both parties acknowledge that the reconsideration sought is not related to the Court's decision to remand, but rather its decision to award Plaintiff attorney fees.

## RULES 54(b) AND 59(e) STANDARD

Courts have "discretion to reconsider interlocutory orders at any time prior to final judgment" under Federal Rule of Civil Procedure 54(b). Fed. R. Civ. P.

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**
^ 2

54(b); *Kirby v. City of E. Wenatchee*, No. 2:12-CV-190-JLQ, 2013 WL 2396008, at *3 (E.D. Wash. May 31, 2013) Although not explicitly noted in the Federal Rules of Civil Procedure, motions for reconsideration are brought under Rules 59(e) and 60(b). Relevant here are motions brought under Rule 59(e). The Ninth Circuit holds that a Rule 59(e) motion for reconsideration should not be granted absent highly unusual circumstances. *Sch. Dist. No. 1J*, 5 F.3d at 1263. However, a Rule 59(e) motion may be granted if the movant "presents the district court with newly discovered evidence, the court committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

A motion for reconsideration must contain two elements: (1) a valid reason why the court should revisit the prior order in question; and (2) "facts or law of a 'strongly convincing nature' in support of reversing the prior decision." *City of North Las Vegas v. Davis*, No. 2:13-CV-00156-MMD-NJK, 2013 WL 2394930, at *1 (D. Nev. May 30, 2013) (quoting *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev.2003); *see also All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 (D. Hawaii 1987), *rev'd on other grounds* 885 F.2d 860 (1988). Alternatively, a 59(e) motion is appropriately denied when the movant fails to establish a justification for relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Rule 59(e) motions are not "the proper vehicles for rehashing old arguments," nor are they "intended to give an unhappy litigant [an] additional chance to sway the judge." *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994); *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

Motions for reconsideration upon the discovery of new evidence "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of*

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ^ 3**

*Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Evidence available to a party before it files its opposition is not "newly discovered evidence" within the meaning of 59(b). *Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985). In sum, district courts are not obliged to grant a motion for reconsideration if it contains neither one of the three valid reasons for re-visitation nor strongly convincing facts or law that support reversing its prior decision.

### DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant's motion for reconsideration does not present a valid reason why this Court should revisit its Order in the form of (1) new facts or evidence; or (2) evidence that the Court committed clear error. Instead, Defendant's motion fails to allege any new facts as to all three bases presented to challenge the Court's conclusion in its July 14 Order. Further, Defendant provides no evidence of clear error, nor does Defendant allege a change in intervening or controlling law.

First, Defendant had every opportunity to address the undisputed facts presented in Plaintiff's Complaint. According to Ninth Circuit case law, a Rule 59(e) motion need not be granted if the movant had access to the information in question prior to moving the court for reconsideration. *Frederick S. Wyle Prof'l Corp.*, 764 F.2d at 609. Thus, the mere fact that all parties agreed that Plaintiff's Complaint included federal claims but lacked Article III standing is not the type of "strongly convincing evidence" capable of producing reconsideration. Instead, it is akin to using Rule 59(e) to rehash stale arguments; Defendant had access to the Complaint prior to filing its motion, and apparently believed that standing was lacking here despite raising claims under a federal statute.

Second, Defendant's allegation—that the Complaint did not adequately allege a concrete injury and therefore failed to show Article III standing—is undermined by its own decision to file for removal and immediately move to dismiss for lack of standing. Filing for removal requires a clear and plain statement of a court's jurisdiction, which Defendant provided (although the Court notes

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**
^ 4

Defendant only discussed the presence of federal question jurisdiction and did not address whether the elements of Article III were satisfied). Despite this, Defendant immediately sought dismissal for lack of standing after arriving before this Court. This suggests Defendant either removed with the intent to dismiss for lack of standing specific to the federal forum it sought out or simply overlooked aspects of Plaintiff's complaint. If the latter applies, Defendant still filed for removal without any indication it was troubled by Plaintiff's stated injury.

Although Defendant defends this discrepancy as an issue of timeliness—its window to remove might have expired before Plaintiff clarified or defended the injury cited in his Complaint—Defendant chose to forego raising that concern in Washington state court. In essence, the excuse Defendant provides is not enough to justify its actions. Likewise, Plaintiff's decision—to concede an absence of Article III standing necessary to appear before this Court—is not a material fact previously unavailable to or unanticipated by the Defendant. Indeed, Defendant filed for removal and subsequently moved to dismiss on that basis. This is not a sufficient to convince the Court to reconsider its Order conclusion that Defendant lacked a reasonable basis to remove and granting attorney fees.

Finally, Defendant argues for reconsideration on its assumption that this Circuit's use of the futility doctrine might result in dismissal for lack of standing rather than remand. The Court's July 14 Order explicitly details its decision to forego applying the futility doctrine; thus, the Defendant's contention is not a new fact in support of reconsideration. Instead, Defendant seems to allege this Court committed clear error in its application of *Bell v. City of Kellogg*, 922 F.2d 1418. As described in the July 14 Order, the Court followed Supreme Court and sister circuits' precedent against applying the futility doctrine. *Int'l Primate Prot. League*, 500 U.S. at 88-89; *see Polo v. Innovations Int'l., LLC*, 833 F.3d 1193, 1197-1198 (9th Cir. 2016) (finding even if *Bell* applied, dismissal is only proper when "the eventual outcome of a case after remand is so clear as to be

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ^ 5**

foreordained . . .") (declining to overrule *Bell sua sponte*, but noting that intervening Supreme Court precedent may have overruled the case). Nothing in Ninth Circuit case law points to the Court's interpretation and application of *Kellogg* as improper, much less as a commission of clear error. Accordingly, the Court finds that its decision not to dismiss pursuant to the rule of futility is not grounds to reconsider its prior Order. To the contrary—Defendant could have instead relied on diligent research to uncover the precedent noted by the Court; the Court is not responsible for the materials Defendant overlooks.

Ultimately, Defendant's motion is denied for failing to meet the requirements of Federal Rule 59(e). The Court finds that Defendant has failed to meet the high bar to warrant reconsideration; Defendant had no objectively reasonable basis upon which to seek removal, and has failed to provide new evidence, proof of clear error, or intervening change in the law to justify such a drastic remedy. The award of attorney fees was proper. Defendant's Motion for Reconsideration, ECF No. 20, is denied.

Accordingly**, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Reconsideration, ECF No. 20, is **DENIED.**

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and **close** the file.

**DATED** this 25th day of August 2020.

Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ^ 6**